ALD-066                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3593
_____

In re:  MICHAEL PRUITT,
                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-09-cv-01625)
District Court Judge: Mitchell S. Goldberg

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 3, 2019
Before: MCKEE, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed: January 9, 2019)
_____

OPINION*
_____

PER CURIAM

    Michael Pruitt is a death-sentenced prisoner currently incarcerated at SCI-Greene

in Waynesburg, Pennsylvania.  Pruitt initiated federal habeas corpus proceedings in 2009

and requested representation by the Capital Habeas Corpus Unit of the Federal

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Community Defender Officer for the Eastern District of Pennsylvania ("the CHCU").

Pruitt's request was granted.[1]

In October 2017, Pruitt wrote a letter to the District Court requesting new counsel, citing an alleged conflict of interest for the CHCU, given its representation of Pruitt in state post-conviction proceedings. In response, the District Court appointed a private attorney "for the purpose of advising [Pruitt] as to whether his previously appointed counsel—the [CHCU]—has effectively represented" him. ECF No. 95.

In February 2018, Pruitt filed a motion in the District Court asking for substitute counsel. According to Pruitt, continued representation by the CHCU precluded him from raising arguments under Martinez v. Ryan, 566 U.S. 1 (2012). The District Court denied Pruitt's motion. Next, in August 2018, Pruitt moved to terminate representation by the CHCU and to proceed pro se. That motion remains pending.

Pruitt has now filed this petition for a writ of mandamus seeking to compel the District Court to act on the August 2018 motion. The petition will be denied without prejudice. We cannot conclude that any delay by the District Court in adjudicating the August 2018 motion is "tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), particularly in light of the District Court's previous efforts in addressing Pruitt's attempts to terminate representation by the CHCU. Mandamus relief is thus inappropriate at this time.

---

[1] Habeas proceedings were then stayed for several years so that Pruitt could exhaust post-conviction remedies in state court.